# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Case Action No. 1:20-cv-813

SARAH SMITH, MICHAEL CRISCO, and JEFFREY MORROW, Individually and as representatives of a class of similarly situated persons,

        Plaintiffs,

      v.

SHOE SHOW, INC.; BOARD OF TRUSTEES OF SHOE SHOW RETIREMENT SAVINGS PLAN; JOHN VAN DER POEL, ROBERT TUCKER, LISA TUCKER, and SPENCER NORTHCUTT,

        Defendants.

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION AND SCHEDULING A DATE FOR A FAIRNESS HEARING**

COME NOW Plaintiffs, Sarah Smith, Michael Crisco and Jeffrey Morrow ("Plaintiffs"), by and through the undersigned counsel, to respectfully file this Motion pursuant to Rule 26(e) of the Rules of Federal Procedure for the Preliminary Approval of Class Settlement.

1. This litigation was commenced on September 3, 2020. It alleges that Defendants breached their duties under ERISA by offering unreasonably priced investment options and allowing excessive compensation to be paid to service providers in connection with the Shoe Show, Inc. Retirement Savings Plan ("Plan").

2. The parties mediated this case with Brent Powell, an experienced attorney and mediator. After a full day of mediation and then further discussions, the case was resolved in principle on August 3, 2022. The Settlement Agreement is Exhibit 1 to this

1

Motion.[1]  Defendants join in the relief requested but deny the averments, allegations, and claims made by the Plaintiffs.

3.  The Settlement Class is defined as:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

4.  This settlement is fundamentally fair, adequate and reasonable in light of the circumstances of this case. Preliminary approval of this settlement is in the best interest of the Settlement Class members. In return for a release given to them by the Class Representatives and the Settlement Class members for the claims that were or could have been asserted in the lawsuit, Defendants have agreed to pay a sum of $330,000 pursuant to a Plan of Allocation, which is Exhibit 2 to this Motion.

5.  As is set forth in the Settlement Agreement, Plaintiffs' counsel will receive a thirty percent fee (30%) for their work on this matter, which totals $90,000. Additionally, Plaintiffs will be reimbursed for expert costs of $20,000. Additionally, Plaintiffs will cause to be paid from the $330,000 a fee for the settlement administration to Angeion Group, the Settlement Administrator, in a total of $24,990. Finally, each of the named Plaintiffs will receive a Case Contribution Award of $2,500 each. Any additional costs, including the filing fee from this matter and any cost overruns, will be borne by the Plaintiffs' counsel and not by the Settlement Class.

---

[1] All capitalized terms not otherwise defined in this Motion shall have the same meaning as ascribed to them in the Settlement Agreement.

6. The Plaintiffs have drafted a proposed Settlement Notice, which is Exhibit 3 to this motion.

7. The purpose of preliminary approval is to determine whether the proposed settlement is "within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982). The preliminary approval hearing is not the fairness hearing. (*Id.*)

8. The settlement reached between the parties here more than satisfies the standard within the range of possible approval by the Court given the significant nature of the case resolved as a result reached by the parties after much hard work. Preliminary approval will not foreclose interested persons from objecting to the settlement and thereby presenting their dissenting views, if any, to the Court.

9. Plaintiffs submit to the Court a memorandum supporting this motion as well as an affidavit of class counsel, which is Exhibit 4 to this Motion.

10. A proposed Preliminary Approval Order is attached as Exhibit 5.

WHEREFORE the parties request the following:

1. That the Court preliminarily approve the Settlement Class;

2. That the Court finds preliminarily that Federal Rule of Civil Procedure 23(a)(1-4) are met in that the Settlement Class is so numerous that joinder of all members is impracticable, that there are one or more issues of law and/or facts common to the Settlement Class, that the claims of the named Plaintiffs are typical of the claims of the Settlement Class, and that the named Plaintiffs will fairly and adequately protect the interests of the Settlement Class;

3. That the Court find that the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications or

adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interest, as is set forth in the Federal Rules of Civil Procedure 23(b)(1);

4. That the Court find that Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and otherwise satisfy the requirements of Federal Rule of Civil Procedure 23(g);

5. That the Court preliminarily appoint Sarah Smith, Michael Crisco, and Jeffrey Morrow as Class Representatives for the Settlement Class and appoint Fitzgerald, Hanna & Sullivan, PLLC as Class Counsel for the Settlement Class;

6. That the Court preliminarily approve the proposed Settlement Agreement and establish a Qualified Settlement Fund;

7. That the Court schedule a fairness hearing at least 120 days after preliminary approval;

8. That the Court approve the attached Settlement Notice;

9. That the Court approve the Settlement Administrator and that the Settlement Administrator, within 60-days of the Preliminary Approval Order, distribute the Settlement Notice to the Settlement Class by first class mail;

10. That a briefing schedule be established consistent with the attached Preliminary Approval Order as well as a schedule and process for objections;

11. That there be a bar of parallel proceedings and a stay of the action as set forth in the attached proposed Preliminary Approval Order; and

12. For such other and further relief that the Court deems just an proper.

4

This the 29th day of September, 2022

/s/ Andrew L. Fitzgerald
Andrew L. Fitzgerald
N.C.S.B. 37522
Fitzgerald Hanna & Sullivan, PLLC
119 Brookstown Ave., Suite 402
Winston Salem, NC 27101
andy@fhslitigation.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Andrew L. Fitzgerald
Andrew L. Fitzgerald

## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SARAH SMITH, MICHAEL CRISCO, and JEFFREY MORROW, Individually and as representatives of a class of similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> SHOE SHOW, INC.; BOARD OF TRUSTEES OF SHOE SHOW RETIREMENT SAVINGS PLAN; JOHN VAN DER POEL; ROBERT TUCKER; and LISA TUCKER. <br><br> Defendants. | Civil Action No. 1:20-CV-813 |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the Defendants.

NOW, THEREFORE, without any admission or concession on the part of Defendants as to the merits of the allegations or claims asserted in the Class Action, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, to this Settlement Agreement, subject to approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Settling Parties hereto from the Settlement Agreement, that all Released Claims as against the Released Parties shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

1.    ARTICLE 1 – DEFINITIONS

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

1.1.    "Active Account" means an individual investment account in the Plan with a balance greater than $0 as of the date of the Final Order.

1.2.    "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notice to the Class Members, including but not limited to the fees of the Plan's Recordkeepers to identify the names and addresses of Class Members; (b) related tax expenses (including taxes and tax expenses as described

in Article 6.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the fees of the Plan's Recordkeepers associated with implementing this Settlement Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Settlement Administrator and Escrow Agent; and (e) all fees, expenses, and costs associated with providing CAFA Notices. Excluded from Administrative Expenses are Defendants' internal expenses, and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

1.3.    "Alternate Payee" means a Person other than a participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a QDRO.

1.4.    "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel. Attorneys' Fees and Costs shall include all attorneys' fees, litigation costs, and expenses advanced and carried by Class Counsel for the duration of this Class Action and the pre-litigation investigation period. The amount of Attorneys' Fees and Costs for Class Counsel shall not exceed 33 1/3% of the Gross Settlement Amount (a maximum amount of $110,000), which shall be recovered from the Gross Settlement Amount if approved by the Court.

1.5.    "Authorized Administrator" means any entity, other than the Recordkeepers, with appropriate administrative authority under the Plan.

1.6.    "Beneficiary" means any individual, trust, estate, or other recipient entitled to receive death benefits payable under the Plan, on either a primary or contingent basis, other than an Alternate Payee.

1.7.    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

1.8.    "CAFA Notice" means notice of this proposed Settlement to the appropriate federal and state officials pursuant to CAFA, to be issued by Defendants, substantially in the form set forth in Exhibit E hereto.

1.9.    "Case Contribution Awards" means the monetary amount awarded by the Court to each Class Representative in recognition of the Class Representative's assistance in the prosecution of this Class Action, for which Class Counsel may seek an amount not exceeding $2,500 per Class Representative payable from the Gross Settlement Amount. Any such Case Contribution Award shall be subject to the approval of the Court.

1.10.   "Class Action" means *Smith et al. v. Shoe Show, Inc. et al.*, Case No. 1:20-cv-813, in the United States District Court for the Middle District of North Carolina.

1.11.   "Class Counsel" means Fitzgerald Hanna and Sullivan PLLC.

2

1.12. "Class Members" means all individuals in the Settlement Class, including the Class Representatives.

1.13. "Class Period" means the period from September 3, 2014, through the Settlement Agreement Execution Date.

1.14. "Class Representatives" means Plaintiffs Sarah Smith, Michael Crisco, and Jeffrey Morrow.

1.15. "Complaint" means the Complaint filed in this Class Action on September 3, 2020.

1.16. "Court" means the United States District Court for the Middle District of North Carolina.

1.17. "Defendants" mean Shoe Show, Inc., the Board of Trustees of Shoe Show Retirement Savings Plan, John van der Poel, Robert Tucker, and Lisa Tucker.

1.18. "Defense Counsel" means Covington & Burling LLP.

1.19. "Escrow Agent" means Truist Financial Corporation.

1.20. "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.

1.21. "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections by Class Members to the Settlement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Case Contribution Awards; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23(e). The Parties agree that the Fairness Hearing may be conducted telephonically or via videoconferencing.

1.22. "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Order becomes Final is thirty (30) calendar days after its entry by the Court.

1.23. "Final Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit D hereto.

1.24. "Former Participant" means a member of the Settlement Class who does not have an Active Account as of the date of the Final Order.

1.25. "Gross Settlement Amount" means the sum of three hundred and thirty thousand dollars ($330,000), which constitutes the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made by or on behalf of Defendants.

1.26. "Mediator" means Brent Powell, Associate General Counsel of UNC Health.

1.27. "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) all Case Contribution Awards paid to the Class Representatives as authorized by the Court; and (c) all Administrative Expenses.

1.28. "Person" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.29. "Plaintiffs" means named plaintiffs Sarah Smith, Michael Crisco, and Jeffrey Morrow in the Class Action.

1.30. "Plan" means the Shoe Show Retirement Savings Plan, and each of its predecessor plans, successor plans, merged and/or acquired plans, individually and collectively, and any trust created under such plans.

1.31. "Plan of Allocation" means the method of allocating settlement funds to Class Members. A proposed form of the Plan of Allocation is attached hereto as Exhibit B.

1.32. "Preliminary Approval Order" means the order of the Court in substantially the form attached hereto as Exhibit C, whereby the Court preliminarily approves this Settlement.

1.33. "QDRO" means a Qualified Domestic Relations Order within the meaning of 26 U.S.C. § 414(p).

1.34. "Qualified Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 6 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

1.35. "Recordkeeper" or "Recordkeepers" means the entity or entities that maintains electronic records of the Plan's participants and their individual accounts.

1.36. "Released Claims" means any and all past, present, and future actual or potential claims (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action,

4

accrued or not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether accrued or not, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on acts or failures to act during the Class Period:

1.36.1.   That were asserted or could have been asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Complaint; or

1.36.2.   That arise out of, relate in any way to, are based on, or have any connection with the Plan, including but not limited to: (a) the selection, oversight, retention, monitoring, compensation, fees, expenses, or performance of the Plan's investment options or service providers; (b) fees, costs, or expenses charged to, paid, or reimbursed by the Plan or any Class Member; (c) disclosures or failures to disclose information regarding the Plan's investment options, fees, or service providers; (d) the investment options offered under the Plan; (e) the compensation received by the Plan's service providers; (f) the services provided to the Plan or the costs of those services; (g) the payment of compensation based on a percentage of total assets; (h) the Plan's investment structure; or (i) alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions; or

1.36.3.   That would be barred by *res judicata* based on entry of the Final Order; or

1.36.4.   That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any member of the Settlement Class in accordance with the Plan of Allocation.

"Released Claims" does not include any claims that the Plaintiffs or the Settlement Class have to the value of their respective vested account balances under the terms of the Plan and according to the Plan's records as of the date the Settlement becomes Final to the extent such claims do not relate to the issues raised in the Complaint.

1.37.   "Released Parties" means (a) Defendants; (b) Shoe Show's direct and indirect, past, present or future parents (including for the avoidance of doubt all such direct and indirect parents), subsidiaries, affiliates (including for the avoidance of doubt all direct and indirect affiliates), divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, and each Person or entity that controls, is controlled by, or is under common control with them; (c) the Plan and any successor plans; (d) the Plan's current and former fiduciaries, current and former members of

5

the Benefits Administrative Committee, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest; and (e) current and past Representatives of all entities enumerated in subparts (a) through (d) of Article 1.37 of this Agreement.

1.38. "Representatives" shall mean current and former representatives, attorneys, agents, directors (including for the avoidance of doubt members of the board(s) of directors), officers, or employees.

1.39. "Settlement" means the settlement to be consummated under this Settlement Agreement.

1.40. "Settlement Administrator" means Angeion Group, which is responsible for administering the Settlement and Plan of Allocation.

1.41. "Settlement Agreement" means this agreement embodying the terms of the Settlement, including any modifications or amendments hereto.

1.42. "Settlement Agreement Execution Date" means the date on which the final signature is affixed to this Settlement Agreement.

1.43. "Settlement Class" means all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

1.44. "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 14.

1.45. "Settlement Notice" means the Notice of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibit A. The Settlement Notice shall inform Class Members of a Fairness Hearing to be held with the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notice may be heard regarding (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Case Contribution Awards.

1.46. "Settling Parties" means the Defendants and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

1.47. "Shoe Show" means Shoe Show, Inc. together with any direct and indirect, past, present, or future parents, subsidiaries, affiliates, divisions, joint ventures,

6

predecessors, successors, successors-in-interest, and assigns, and each Person or entity that controls, is controlled by, or is under common control with them.

1.48.   "Successor-In-Interest" shall mean a Person or Party's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

## 2.   ARTICLE 2 – MONETARY RELIEF TO PLAINTIFFS AND SETTLEMENT CLASS

2.1.   Subject to the Court's approval and the conditions specified herein, and in exchange for the Release described in Article 9, Defendants agree to pay the Gross Settlement Amount of $330,000.  The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made by or on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement.  Defendants' obligation to pay monetary relief shall not exceed the Gross Settlement Amount.  For avoidance of any doubt, Defendants shall not be required to make any additional payment in connection with the Settlement of the Class Action.

2.1.1.   The Gross Settlement amount shall be contributed to the Qualified Settlement Fund in accordance with Article 6.

2.1.2.   Payment of any taxes, approved attorneys' fees and litigation expenses; payment of case contribution awards to the Named Plaintiffs; and the costs of administering the Settlement will be paid from the Gross Settlement Amount pursuant to the provisions specified herein in the Settlement Agreement.

## 3.   ARTICLE 3 – NON-MONETARY RELIEF

3.1.   Subject to Court approval and the conditions specified herein, and in exchange for the Release described in Article 9, Defendants agree to commence a request for proposals ("RFP") process within 12 months of Final Approval of the Settlement, which will solicit proposals from recordkeeping firms with documented expertise to provide recordkeeping services for the Shoe Show Retirement Savings Plan.

3.2.   The Parties recognize that the Prospective Relief described in Article 3.1 will benefit the Plan's participants, including the Class Members. In order to ensure that this prospective action affecting the Plan is not subject to future potentially inconsistent challenges or standards, and in recognition of the Defendants having agreed to make such prospective action, Plaintiffs and the Class Members agree that, for a period of five (5) years from the date of entry of the Final Approval Order, barring Defendants' violation of this Agreement, they will not sue Defendants or the Released Parties for any and all claims relating to (i) any conduct relating to the evaluation of and the amount of (or formula for determining the amount of) compensation for recordkeeping and administrative services of any third-party recordkeeping or administrative service provider; (ii) any failure to

engage in a robust process for monitoring investments, recordkeeping, and expenses for the Plan; and (iii) except as stipulated in Article 3.1, any failure to conduct an RFP process for the selection and/or retention of third-party recordkeepers, administrators, and/or investment consultants for the Plan as of the date this Agreement is executed.

**4. ARTICLE 4 –PRELIMINARY SETTLEMENT APPROVAL AND NOTICE TO THE CLASS**

4.1. <u>Preliminary Approval</u>. As soon as reasonably possible and subject to any relevant Court Order, the Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit C. Defendants will not object to these motions so long as they are consistent with the terms herein. The Preliminary Approval Order to be presented to the Court shall, among other things:

4.1.1. Grant the motion to certify the Settlement Class for settlement purposes only under Fed. R. Civ. P. 23(b)(1);

4.1.2. Approve the text of the Settlement Notice for mailing or sending by electronic means to Class Members;

4.1.3. Determine that under Fed. R. Civ. P. 23(c)(2), the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

4.1.4. Cause the Settlement Administrator to send by electronic mail and first-class mail the Settlement Notice to each Class Member identified by the Settlement Administrator based upon the data provided by the Plan's Recordkeepers;

4.1.5. Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan;

4.1.6. Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the motion for entry of the Preliminary Approval Order is filed, in order to determine whether (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Case

Contribution Awards, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

4.1.7.    Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel.  To be filed validly, the objection must be filed at least fourteen (14) calendar days prior to the scheduled Fairness Hearing.  Any Person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to participate at least fourteen (14) calendar days prior to the scheduled Fairness Hearing.

4.1.8.    Provide that any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Fairness Hearing;

4.1.9.    Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court and/or converted to telephonic or video means;

4.1.10.    Approve the form of the CAFA Notice attached as Exhibit E and order that upon mailing of the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA;

4.1.11.    Stay further proceedings in the Class Action pending Final Settlement Approval; and

4.1.12.    Contain such additional terms as are common in such orders and are reasonably requested by a Settling Party.

4.2.    <u>Settlement Administrator</u>.  Defendants, Defense Counsel and Class Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.  The actual and reasonable expenses of any third party, including the Plan's Recordkeepers, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount.

4.2.1.    The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeepers solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

4.2.2.    At the request of Class Counsel, Defendants, or Defense Counsel, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary

9

precautions are taken to safeguard the privacy and security of such information.

4.3.  <u>Settlement Notice</u>.  By the date and in the manner set by the Court in the Preliminary Approval Order, and unless otherwise set forth below, the Settlement Administrator shall cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit A or a form subsequently agreed to by the Settling Parties and approved by the Court.  The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

4.4.  <u>CAFA Notice</u>.  No later than ten (10) calendar days after the filing of the Motion for Preliminary Approval of the Settlement, Defendants will prepare and serve the CAFA Notice in substantially the form attached as Exhibit E hereto on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715.  In the event that the Preliminary Approval Order provides for any modifications to the CAFA Notice, then Defendants will prepare and serve supplemental or amended CAFA Notice(s) as appropriate.  Any costs associated with serving supplemental or amended CAFA Notice(s) will also be considered reimbursable Administrative Expenses.

## 5.  ARTICLE 5 – FINAL SETTLEMENT APPROVAL

5.1.  No later than thirty (30) days before the date for filing Objections set in the Preliminary Approval Order, Class Counsel shall submit to the Court a motion for entry of the Final Order (Exhibit D) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement.  The Final Order as proposed by the Settling Parties shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

5.1.1.  Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

5.1.2.  A determination under Fed. R. Civ. P. 23(c)(2) that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

5.1.3.    Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

5.1.4.    Each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (a) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims on behalf of such Class Member or the Plan; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

5.1.5.    That each Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

5.1.6.    That the provisions of Articles 5.1.4 and 5.1.5 shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

5.1.7.    That all applicable CAFA requirements have been satisfied;

5.1.8.    That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court;

5.1.9.    That, with respect to any matters that arise concerning the implementation of distributions to Class Members who are current participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion pursuant to the Plan of Allocation), all questions not resolved by the Settlement Agreement

11

shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan; and

5.1.10. That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

5.2. The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and the Final Order.

## 6. ARTICLE 6 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

6.1. No later than five (5) business days after entry of the Preliminary Approval Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 6.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

6.2. For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Article 6.1 shall be consistent with this Article 6 and, in all events, shall reflect that all taxes (as defined in Article 6.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Article 6.3 hereof.

6.3. Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including

any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 4 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 6). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 6.

6.4.    Within twenty-one (21) calendar days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the date the escrow account described in Article 6.1 is established and the Escrow Agent shall have furnished to Defendants and/or Defense Counsel in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions, Defendants shall deposit twenty thousand dollars ($20,000) into the Qualified Settlement Fund as the first installment of the Gross Settlement Amount.

6.5.    Within ten (10) business days after the Settlement Effective Date, Defendants shall deposit the remainder of the Gross Settlement Amount, which is three hundred and ten thousand dollars ($310,000), into the Qualified Settlement Fund.

6.6.    The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

6.7.    The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

6.8. The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

6.9. No later than February 15 of the year following the calendar year in which Defendants or agents make a transfer to the Qualified Settlement Fund in accordance with the terms of this Article 4, Defendants or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants or agents make a transfer to the Qualified Settlement Fund.

## 7. ARTICLE 7 – PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND

7.1. <u>Disbursements from Qualified Settlement Fund prior to Settlement Effective Date</u>. Class Counsel, subject to the approval of Defendants, which approval shall not be unreasonably withheld, shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

7.1.1. <u>Settlement Notice Expenses</u>. After entry of the Preliminary Approval Order, the Escrow Agent shall be directed in writing to disburse from the Qualified Settlement Fund an amount sufficient for the payment of costs of the Settlement Notice. Class Counsel will select a Settlement Administrator to assist with Class Notice and administration of the Settlement, subject to the agreement of Defendants, which agreement shall not unreasonably be withheld. Any costs, expenses, or fees incurred in connection with the administration of this Settlement shall be paid out of the Qualified Settlement Fund. Neither Defendants nor Defense Counsel are responsible for the Settlement Administrator's work, nor may they be held liable for any act or omission by the Settlement Administrator.

7.1.2. For taxes and expenses of the Qualified Settlement Fund as provided in Article 6.3.

7.1.3. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement.

7.1.4. For costs and expenses incurred by the Recordkeepers (or Authorized Administrator) in implementing this Settlement. To the extent

14

Defendants are responsible for paying these costs, they will have the right to recover any sums paid from the Qualified Settlement Fund.

7.1.5. For any other Administrative Expense.

7.2. Following the payment of the second installment of the Gross Settlement Amount as set forth in Article 6.5, Class Counsel shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

7.2.1. For Attorneys' Fees and Costs, as approved by the Court, and no later than ten (10) business days following the Settlement Effective Date.

7.2.2. For Class Representatives' Case Contribution Awards, as approved by the Court, and no later than ten (10) business days following the Settlement Effective Date.

7.2.3. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement that were not previously paid.

7.2.4. For costs and expenses incurred by the Recordkeepers (or Authorized Administrator) in implementing this Settlement that were not previously paid. To the extent that Defendants are responsible for paying these costs, they will have the right to recover any sums paid from the Qualified Settlement Fund.

7.2.5. The Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

7.3. <u>Implementation of the Plan of Allocation</u>. Class Counsel shall propose to the Court a Plan of Allocation, in substantial conformity to the one attached hereto as Exhibit B, which shall provide for the calculation, allocation, and distribution of the Net Settlement Amount. The Settlement Administrator shall be exclusively responsible and liable for calculating the amounts payable to the Class Members pursuant to the Plan of Allocation. Upon the Settlement Effective Date, and after the amounts payable pursuant to Articles 7.1 and 7.2 have been disbursed, or, in the case of future estimated expenses set aside and withheld, Class Counsel shall direct the Escrow Agent to disburse the Net Settlement Amount as provided by this Settlement Agreement and the Plan of Allocation. The Recordkeepers or any other entity with appropriate authority under the Plan (an "Authorized Administrator") shall allocate to the Plan accounts of Class Members who are not Former Participants any Net Settlement Amount as calculated by the Settlement Administrator according to the Plan of Allocation, documentation of which Class Counsel shall direct the Settlement Administrator to provide to the Authorized Administrator pursuant to the Plan of Allocation no later than the distribution of the Net Settlement Amount. The Settlement Administrator shall promptly notify

15

Class Counsel as to the date(s) and amount(s) of said allocation(s) made to Class Members who are not Former Participants. The Settlement Administrator shall be responsible for distributing the Net Settlement Amount allocated to the Former Participants as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to Former Participants. **Defendants shall have no liability related to the structure or taxability of such payments. Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall have no responsibility or liability for the Plan of Allocation and shall take no position for or against the Plan of Allocation.**

7.4.   The Net Settlement Amount distributed pursuant to the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

7.5.   <u>Final List of Class Members</u>. No later than thirty (30) business days following the Settlement Effective Date and prior to the disbursement of the Net Settlement Amount to the Plan, the Settlement Administrator shall provide to Defense Counsel and Class Counsel a final list of Class Members, in electronic format, to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Such list shall be final, and only persons on the list or their Beneficiaries or Alternate Payees shall be eligible to receive any recovery from this Settlement.

7.6.   The Settlement Administrator shall provide all necessary information to the Plan's Recordkeeper to effectuate payments to Current Participants no later than thirty-five (35) business days after the Settlement Effective Date. Class Counsel shall direct the Escrow Agent to disperse money from the Qualified Settlement Fund to the Plan's recordkeeper for the settlement payments to Current Participants no later than thirty-five (35) business days after the Settlement Effective Date. The Settlement Administrator shall effectuate payments to Former Participants within forty-two (42) business days after the Settlement Effective Date.

7.7.   After the distribution of the Net Settlement Amount to the Plan's trust and allocation of the Net Settlement Amount pursuant to the Plan of Allocation, amounts allocable to members of the Settlement Class who cannot be located or otherwise receive their Settlement payment shall be forwarded to the Plan's trust for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's participants.

## 8.   ARTICLE 8 – ATTORNEYS' FEES AND EXPENSES

8.1.   <u>Application for Attorneys' Fees and Expenses and Class Representatives' Case Contribution Awards</u>. Class Counsel intends to seek to recover their attorneys' fees and litigation costs and expenses in an amount not to exceed $110,000, which, if awarded by the Court, shall be recovered from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Case Contribution Awards, in

an amount not to exceed $2,500 each for Class Representatives Sarah Smith, Michael Crisco, and Jeffrey Morrow, which, if awarded by the Court, shall be recovered from the Gross Settlement Amount.

8.2. Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least thirty (30) calendar days before the deadline set in the Preliminary Approval Order for objections to the proposed Settlement, which may be supplemented thereafter.

8.3. The Settlement shall not be conditioned on Court approval of Plaintiffs' request for Attorneys' Fees and Costs.

## 9. ARTICLE 9 – RELEASE AND COVENANT NOT TO SUE

9.1. As of the Settlement Effective Date, Plaintiffs and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, whether or not such Class Members have received or will receive a monetary benefit from the Settlement, whether or not such Class Members have actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

9.2. As of the Settlement Effective Date, Plaintiffs and the Class Members expressly agree that they, acting individually or together, or in combination with others (including with or on behalf of the Plan), shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

9.3. Class Counsel, Plaintiffs, or Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Plaintiff and each Class Member shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims (on their own behalf and on behalf of the Plan). The Plaintiffs and Class Members acknowledge and shall be deemed by operation of the Final Order to have

17

acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

9.4.    Each Plaintiff and each Class Member hereby stipulates and agrees with respect to any and all Released Claims that, upon entry of the Final Order, the Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Plaintiffs and Class Members shall, upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

9.5.    <u>Dismissal With Prejudice</u>.  The Class Action and all claims alleged therein shall be dismissed with prejudice.

9.6.    <u>No Impact on Prior Releases</u>.  The Released Claims shall not invalidate or impair any prior release of claims by any Class Members against any of the Released Parties.

**10.    ARTICLE 10 – COVENANTS**

The Settling Parties covenant and agree as follows:

10.1.    <u>Taxation</u>.  Plaintiffs acknowledge that the Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Qualified Settlement Fund or that the Plaintiffs or Class Counsel receive from the Gross Settlement Amount.  Plaintiffs further acknowledge that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Qualified Settlement Fund.  Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

10.2.    <u>Cooperation</u>.  Defendants shall cooperate with Class Counsel by using reasonable efforts to provide, to the extent reasonably accessible, information to identify Class Members and to implement the Plan of Allocation.

10.2.1. Defendants or Defense Counsel shall work with the Recordkeepers to provide to the Settlement Administrator and/or Class Counsel within sixty (60) days of entry of the Preliminary Approval Order: (1) the names, last known addresses, and email addresses, to the extent available, of members of the Settlement Class, as compiled from reasonably accessible electronic records maintained by the Recordkeepers; (2) Plan participant data necessary to perform calculations pursuant to the Plan of Allocation. With respect to the Plan of Allocation data, the Plan's Recordkeepers shall take commercially reasonable steps to ensure the data provided is complete as it exists in the Recordkeepers' systems. Neither Plaintiffs, Class Counsel, Defendants, nor Defense Counsel will be responsible or liable in any way for ensuring the completeness or accuracy of the information provided by the Recordkeepers pursuant to this article.

10.2.2. The Settlement Administrator shall use the information provided by Defendants, Defense Counsel, and/or the Recordkeepers pursuant to Article 10.2 to compile a preliminary list of Class Members for purposes of sending the Class Notice and calculating payments pursuant to the Plan of Allocation.

10.2.3. Class Counsel and their agents will use any information provided by Defendants, Defense Counsel, and/or the Recordkeepers pursuant to Article 10.2 solely for the purpose of providing notice and administering this Settlement and for no other purpose, and will take all reasonable and necessary steps as required by law to maintain the security and confidentiality of this information.

10.3. The Settling Parties shall reasonably cooperate with each other to effectuate this Settlement, including with respect to the Plan of Allocation, and shall not do anything or take any position inconsistent with obtaining a prompt Final Order approving the Settlement unless expressly permitted by this Settlement Agreement. The Settling Parties shall suspend any and all efforts to prosecute and to defend the Class Action pending entry of the Final Order or, if earlier, termination of the Settlement Agreement.

## 11. ARTICLE 11 – REPRESENTATION AND WARRANTIES

11.1. <u>Settling Parties' Representations and Warranties</u>. The Settling Parties, and each of them, represent and warrant as follows, and each Settling Party acknowledges that each other Settling Party is relying on these representations and warranties in entering into this Settlement Agreement:

11.1.1. That they have diligently prepared the case pursuant to the Court's orders; that they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations under the auspices of the Mediator; that in executing this Settlement Agreement they are relying

19

solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any Person representing any Settling Party to this Settlement Agreement. Each Settling Party assumes the risk of mistake as to facts or law. Each Settling Party further recognizes that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement.

11.1.2. That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each of the Settling Parties. The Settling Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary.

11.2. Signatories' Representations and Warranties. Each Person executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Settling Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## 12. ARTICLE 12 – NO ADMISSION OF LIABILITY

12.1. The Settling Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding, admission or suggestion of any wrongdoing or liability by any Defendants, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding.

12.2. This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Defendants specifically deny any such liability or wrongdoing and state that they are entering into this Settlement Agreement to eliminate the burden and expense of further litigation.

12.3. The Class Representatives, while believing that the claims brought in the Class Action have merit, have concluded that the terms of this Settlement Agreement are fair, reasonable, and adequate to the Plan, themselves, and members of the

Settlement Class given, among other things, the inherent risks, difficulties and delays in complex ERISA litigation such as the Class Action.

12.4.   Neither the fact nor the terms of this Settlement Agreement shall be used or offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Order.

## 13.   ARTICLE 13 – CONDITIONS TO FINALITY OF SETTLEMENT

This Settlement shall be contingent upon each of the following conditions in this Article 13 being satisfied.  The Settling Parties agree that if any of these conditions is not satisfied, then this Settlement Agreement is terminated and the Class Action will, for all purposes with respect to the Settling Parties, revert to its status as of the Settlement Agreement Execution Date.  In such event, Defendants will not be deemed to have consented to the class certification order referenced in Article 13.1, the agreements and stipulations in this Settlement Agreement concerning class definition or class certification shall not be used as evidence or argument to support a motion for class certification, and Defendants will retain all rights with respect to challenging class certification.

13.1.   <u>Court Approval and Class Certification for Settlement Purposes</u>.  The Court shall have certified the Settlement Class for settlement purposes only (and Defendants will not object to this certification for settlement purposes only), the Settlement shall have been approved by the Court, the Court shall have entered the Final Order substantially in the form attached as Exhibit D hereto, and the Settlement Effective Date shall have occurred.

13.2.   <u>Finality of Settlement</u>.  The Settlement shall have become Final.

13.3.   <u>Resolution of CAFA Objections (If Any)</u>.  In the event that any of the government officials who received a CAFA Notice object to and request modifications to the Settlement, Class Representatives and Class Counsel agree to cooperate and work with Defendants and Defense Counsel to overcome such objection(s) and requested modifications.  In the event such objection(s) or requested modifications are not overcome, Defendants shall have the right to terminate the Settlement Agreement pursuant to Article 14.

## 14.   ARTICLE 14 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

14.1.   The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

14.1.1.   The Preliminary Approval Order or the Final Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

14.1.2.  The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

14.1.3.  This Settlement Agreement is disapproved by the Court or fails to become effective and the Settling Parties do not mutually agree to modify the Settlement Agreement in order to obtain the Court's approval or otherwise effectuate the Settlement; or

14.1.4.  The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

14.2.  If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by the Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendant Shoe Show within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void.

14.3.  It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards.

## 15.  ARTICLE 15 – CONFIDENTIALITY OF THE SETTLEMENT NEGOTIATIONS AND PERMITTED SETTLEMENT-RELATED COMMUNICATIONS

15.1.  Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed; and (b) comply with this Article 15 in all other respects.

15.2.  Within thirty (30) calendar days of the filing of the Preliminary Approval Motion, Defendants may issue a communication to the Plan's participants regarding the Settlement.

## 16.  ARTICLE 16 – GENERAL PROVISIONS

16.1.  In no event shall the Settling Parties or their counsel make any public statements that disparage the business or reputation of the other (or their counsel in this action) based on the subject matter or the conduct of the Class Action.

16.2.   The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

16.3.   This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding.

16.4.   The Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual. Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose.

16.5.   Defendants deny all allegations of wrongdoing. Defendants believe that the Plan has been managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plan's participants, and in accordance with ERISA, including the fiduciary duty and prohibited transaction provisions of ERISA.

16.6.   Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the management, investment, or distribution of the Qualified Settlement Fund; (c) the Plan of Allocation as approved by the Court; (d) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount, the Qualified Settlement Fund or otherwise.

16.7.   The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the

23

determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

16.8. The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

16.9. Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each such Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

16.10. Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

16.11. This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, North Carolina law, without regard to any conflicts of laws principles.

16.12. The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement. Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the U.S. District Court for the Middle District of North Carolina, or asserted by

24

way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

16.13. Each party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

16.14. Before entry of the Preliminary Approval Order this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties.

16.15. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

16.16. Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

16.17. All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit A – Notice of Class Action Settlement and Fairness Hearing; Exhibit B – Plan of Allocation; Exhibit C – Preliminary Approval Order; Exhibit D – Final Approval Order; Exhibit E – Form of CAFA Notice.

16.18. No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

16.19. <u>Principles of Interpretation</u>. The following principles of interpretation apply to this Settlement Agreement:

16.19.1. Headings. Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or subsections they caption.

16.19.2. Singular and Plural. Definitions apply to the singular and plural forms of each term defined.

16.19.3. Gender. Definitions apply to the masculine, feminine, and neutral genders of each term defined.

DocuSign Envelope ID: B612C273-BDC3-4EF0-AED8-85F5F8962AA8

16.19.4.   References to a Person.  References to a Person are also to the Person's permitted successors and assigns, except as otherwise provided herein.

16.19.5.   Terms of Inclusion.  Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

16.20.  <u>Survival</u>.  All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement.  No Party is relying on any oral representations or oral agreements.  All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date.

**16.21.**  <u>Notices</u>.  Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier or via e-mail:

**IF TO PLAINTIFFS AND SETTLEMENT CLASS:**

Andrew L. Fitzgerald
FITZGERALD HANNA AND SULLIVAN PLLC
119 Brookstown Ave., Suite 402
Winston Salem, NC 27101
Tel.: 336.793.4368
Fax: 336.793.4365
andy@fhslitigation.com

**IF TO DEFENDANTS:**

Tricia M. Thompkins
Chief Legal & Risk Officer
Shoe Show, Inc.
2201 Trinity Church Rd.
Concord, NC 28027
Tel. 704.721.7317

Eric C. Bosset
COVINGTON & BURLING LLP
OneCityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: 202.662.6000
Fax: 202.778.6200
ebosset@cov.com

Any Settling Party may change the address at which it is to receive notice by written notice delivered to the other Settling Parties in the manner described above.

16.22. <u>Entire Agreement</u>. This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto. It specifically supersedes any settlement terms or settlement agreements relating to the Defendants that were previously agreed upon orally or in writing by any of the Settling Parties, including without limitation the Memorandum of Settlement executed by or on behalf of the Settling Parties on August 11, 2022.

16.23. <u>Counterparts</u>. The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of

27

counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

16.24. <u>Binding Effect</u>.  This Settlement Agreement binds and inures to the benefit of the Settling Parties hereto, their assigns, heirs, administrators, executors, and successors.

16.25. <u>Destruction/Return of Confidential Information</u>.  The Settling Parties agree that the preliminary and final lists of Class Members are deemed Confidential, and any copies thereof in the possession of Plaintiffs or Class Counsel after the Final Order shall be returned or destroyed, and certified as such to Defense Counsel, within 30 days of the Settlement Administrator, per Article 5.1.10, providing to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.  Further, the Settling Parties shall have the right to continue to designate documents provided to any party in connection with this Settlement Agreement as Confidential pursuant to this paragraph.

**THE REMAINDER OF THIS PAGE HAS BEEN LEFT INTENTIONALLY BLANK**

DocuSign Envelope ID: B612C273-BDC3-4EF0-AED8-85F5F8962AA8

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement on the dates set forth below.

Date: ___September 29, 2022___       Date: ___September 29, 2022___

On Behalf of Plaintiffs, Individually and as    On Behalf of Defendants Shoe Show, Inc.;
Representatives of the Settlement Class:         Board of Trustees of Shoe Show Retirement
                                                 Savings Plan; John van der Poel; Robert
                                                 Tucker; and Lisa Tucker:

DocuSigned by:                                   DocuSigned by:

*Andy Fitzgerald*                                *T Thompkins*

E2789B880497424...                               A42933D823DB4D1...

Andrew L. Fitzgerald                             Tricia M. Thompkins
FITZGERALD HANNA AND SULLIVAN                    Shoe Show, Inc.
PLLC                                             Chief Legal & Risk Officer
119 Brookstown Ave., Suite 402
Winston Salem, NC 27101                          DocuSigned by:
Tel.: 336.793.4368
Fax: 336.793.4365                                *Eric C. Bosset*
andy@fhslitigation.com
                                                 2EFFF29F03E7482...

Lead Counsel for Plaintiffs and Settlement       Eric C. Bosset
Class                                            COVINGTON & BURLING LLP
                                                 Lead Counsel for Defendants

29

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

**Attention: All participants and beneficiaries in the Shoe Show Retirement Savings Plan[1]
from September 3, 2014 through September 29, 2022**

*A Federal Court has authorized this Notice.  You are not being sued.
This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against Shoe Show, Inc., the Board of Trustees of Shoe Show Retirement Savings Plan, John van der Poel, Robert Tucker, and Lisa Tucker (collectively, "Defendants"), *Smith et al. v. Shoe Show, Inc. et al.*, Case No. 1:20-cv-00813 (the "Action").  The Action was filed by Sarah Smith, Michael Crisco and Jeffrey Morrow ("Plaintiffs") on behalf of themselves and members of the Settlement Class against the Defendants.

- Plaintiffs allege that Defendants Shoe Show incurred excessive costs in the management of the Plan.  Defendants deny the allegations and deny any liability in the Action.  The parties have entered into a Settlement to avoid the risks, uncertainties, and length of time of continued litigation.

- You are included as a Settlement Class Member if you participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO[2] who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are Defendants and their Beneficiaries.

- Defendants have agreed to pay a total of $330,000 (the "Gross Settlement Amount") into a settlement fund, and further agreed to certain prospective non-monetary terms intended to benefit the Plan and its participants.  The Settlement would release Defendants and related parties (collectively, the "Released Parties") from the "Released Claims," as set forth in the Class Action Settlement Agreement ("Settlement Agreement"), and if finally approved by the Court will result in the dismissal of the Action with prejudice.  The Settlement Agreement and other information about the Action and Settlement are available at Website URL.  **You should read the Settlement Agreement and other information available on the website for further information about the Settlement, including the Released Claims**.

- The Court has preliminarily approved the Settlement, which provides that Settlement Class Members are eligible to receive a share of the Settlement Amount remaining after payment of: (1) Settlement Administration Expenses; (2) Attorneys' fee and litigation expenses; (3) Plaintiffs' case-contribution awards; and (4) payment of any taxes or other charges allowed against the Settlement Fund.  The amount of each Settlement Class Member's payment will be calculated based on the Plan of Allocation.

- **Please read this Notice carefully. Your legal rights are affected whether you act or not.**

---

[1] "Plan" means the Shoe Show Retirement Savings Plan, and each of its predecessor plans, successor plans, merged and/or acquired plans, individually and collectively, and any trust created under such plans.
[2] "QDRO" means a Qualified Domestic Relations Order within the meaning of 26 U.S.C. § 414(p).

1

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO YOU NEED TO FILE A CLAIM?** | No. If the Settlement is approved by the Court and you are a Settlement Class Member entitled to a payment under the Plan of Allocation, you do not need to do anything to participate in the Settlement. All Settlement Class Members will be bound by the Settlement Agreement and will give up their rights to sue Defendants about the allegations and topics at issue in this case. |
| **YOU CAN OBJECT BY DEADLINE** | If you wish to object to any part of this Settlement, Class Counsel's request for attorneys' fees and litigation expenses, or the proposed compensation to Plaintiffs, you may (as discussed below) write to the Court and Counsel to explain why you object. |
| **YOU CAN ATTEND A HEARING** | If you submit a written objection to the Settlement before the deadline above, you may (but do not have to) ask to speak at a hearing in Court about the fairness of the Settlement or related matters. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing unless you notify the Court and counsel by DEADLINE, of your intention to appear at the hearing. |
| **IF YOU DO NOTHING…** | You will receive your proportionate share of the Net Settlement Amount. Class Members with active accounts in the Plan will receive at least $10 from the Net Settlement Amount, to be calculated and distributed pursuant to the Plan of Allocation. Class Members who do not have active accounts in the Plan will receive a distribution, if any, by check in accordance with the Plan of Allocation. |

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

A court authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Shoe Show, Inc. et al.*, Case No. 1:20-cv-00813 (M.D.N.C.), brought on behalf of the Settlement Class Members, and pending in the United States District Court for the Middle District of North Carolina. This notice describes the Settlement. Please read this notice carefully. Your rights and options—**and the deadlines to exercise them**—are explained in this notice. If you are a Settlement Class Member, your legal rights are affected regardless of whether you act.

The Court has not yet decided whether to approve the Settlement. If the Court does so, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation. Information about your individual share of the Net Settlement Amount, if any, will not be available until after the Court grants final approval of the Settlement and any appeals are resolved.

2

| 2. What is a class action lawsuit? |
|---|

A class action is a lawsuit in which one or more plaintiffs sue on behalf of a large group of people who allegedly have similar claims. After the parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and determined that the case should be treated as a class action for settlement purposes.

Sarah Smith, Michael Crisco and Jeffrey Morrow were participants in the Plan during the Class Period and are referred to as the "Plaintiffs." The Court has appointed them as the Class Representatives of the Settlement Class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3. What is this Action about? |
|---|

Plaintiffs filed a complaint alleging that Defendants Shoe Show incurred excessive costs in the management of the Plan. A more complete description of what Plaintiffs alleged is in the operative Complaint, available on the Settlement Website at Website URL.

Defendants deny Plaintiffs' allegations and claims in the Action.

| 4. Why is there a Settlement? |
|---|

The Court has not decided in favor of either side in the Action. Plaintiffs and Defendants (collectively, the "Settling Parties"), through counsel, conducted extensive, arm's-length negotiations concerning a possible compromise and settlement of the Action, including mediation with Brent Powell, Associate General Counsel of UNC Health.

## WHO IS INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am part of the Settlement? |
|---|

The Court has decided that anyone who fits the following description is part of the Settlement Class:

All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. The Class Period is defined as September 3, 2014, through September 29, 2022.

If you meet the definition above, then you are a member of the Settlement Class.

## THE SETTLEMENT BENEFITS

| 6. What does the Settlement provide? |
|---|

Defendants have agreed to pay the Gross Settlement Amount of $330,000. into an account at a financial institution, which shall constitute the "Settlement Fund." This Gross Settlement Amount includes amounts for expenses associated with administering the Settlement, taxes, tax expenses, Court-approved attorneys' fees and litigation expenses and compensation to the Named Plaintiffs. The net amount of the Settlement

Fund, after payment of the aforementioned costs and expenses, will be allocated to the Settlement Class Members according to the approved Plan of Allocation, if and when the Court enters an order finally approving the Settlement.

As part of the Settlement, Defendants agree to commence a request for proposals ("RFP") process within 12 months of Final Approval of the Settlement, which will solicit proposals from recordkeeping firms with documented expertise to provide recordkeeping services for the Shoe Show Retirement Savings Plan. The Parties recognize that this Prospective Relief will benefit the Plan's participants, including the Class Members. In order to ensure that this prospective action affecting the Plan is not subject to future potentially inconsistent challenges or standards, and in recognition of the Defendants having agreed to make such prospective action, Plaintiffs and the Class Members agree that, for a period of five (5) years from the date of entry of the Final Approval Order, barring Defendants' violation of the Settlement Agreement, they will not sue Defendants or the Released Parties for any and all claims relating to (i) any conduct relating to the evaluation of and the amount of (or formula for determining the amount of) compensation for recordkeeping and administrative services of any third-party recordkeeping or administrative service provider; (ii) any failure to engage in a robust process for monitoring investments, recordkeeping, and expenses for the Plan, and (iii) except as stipulated in Article 3.1 of the Settlement Agreement, any failure to conduct an RFP process for the selection and/or retention of third-party recordkeepers, administrators, and/or investment consultants for the Plan as of the date the Settlement Agreement is executed.

As of the Settlement Effective Date, Plaintiffs and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, whether or not such Class Members have received or will receive a monetary benefit from the Settlement, whether or not such Class Members have actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed. As of the Settlement Effective Date, Plaintiffs and the Class Members expressly agree that they, acting individually or together, or in combination with others (including with or on behalf of the Plan), shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

## 7. How much will my payment be?

The specific amount you might receive is not yet known and will be determined based on a proposed Plan of Allocation to be approved by the Court.

If you qualify, you will receive a share of the Net Settlement Amount. The Plan of Allocation will describe how the Net Settlement Amount will be distributed among Settlement Class Members. The full Plan of Allocation, including the details of each step in how the Settlement Administrator will calculate the Settlement payments, is available on the Settlement Website, Website URL.

The total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits the Plan is instructed to make to Current Participants may not exceed the Net Settlement Amount.

4

## HOW TO GET BENEFITS

| **8. How do I get a settlement payment?** |
| --- |

If you are a Settlement Class Member and are a **Current Participant**, your payment will be credited automatically into your Plan account and then invested in accordance you're your investment elections then on file with the Plan recordkeeper for new contributions and the Plan of Allocation.

If you are a Settlement Class Member and a **Former Participant**, your payment, if any, will be made via check in accordance with the Plan of Allocation.

| **9. When will I get my payment?** |
| --- |

It is hard to say when you may receive your share of the Net Settlement Amount. The Court must approve the Settlement and there may be appeals. We do not know how long this may take. Please visit Website URL for updated information.

Please note: There will be no payments issued if the Settlement is terminated. The Settlement may be terminated on several grounds, described in the Settlement Agreement. In the event any of these conditions occur, there will be no Settlement payment made, and the litigation will resume.

## THE LAWYERS REPRESENTING YOU

| **10. Who represents the Settlement Class?** |
| --- |

For purposes of the Settlement, the Court has appointed the law firm of Fitzgerald, Hanna and Sullivan, PLLC to represent the Settlement Class as "Class Counsel." If you want to be represented by your own lawyer, you may hire one at your own expense.

In addition, the Court appointed Plaintiffs Sarah Smith, Michael Crisco, and Jeffrey Morrow as representatives of the Settlement Class. They are also Settlement Class Members. Subject to approval by the Court, Class Counsel has proposed that $2,500 be paid to each Plaintiff as the Class representative, in recognition of time and effort they expended on behalf of the Settlement Class. The Court will determine the proper amount of any such payment to Plaintiffs.

| **11. How will the lawyers be paid?** |
| --- |

Class Counsel will file a petition asking the Court to award Attorneys' Fees and Litigation Expenses (a copy of the request will be posted on the Settlement Website when available). The Court will consider Class Counsel's petition at the Final Fairness Hearing. Class Counsel will apply for attorneys' fees and expenses not to exceed one-third of the Gross Settlement Amount (a maximum amount of $110,000). The Court will decide the amount of any attorneys' fees and expenses to award to Class Counsel. Any and all attorneys' fees and expenses awarded by the Court will be paid to Class Counsel from the Gross Settlement Amount.

You have the right to object to this aspect of the Settlement even if you approve of its other aspects.

## YOUR RIGHTS AND OPTIONS

**12. What is the effect of the Court's final approval of the Settlement?**

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Payments under the Settlement will then be calculated and distributed.

If the Settlement is approved, no Class Member will be permitted to assert any Released Claims in any other litigation against the Defendants, or any other Released Party. For a full description of the Release and Released Claims, please review the Settlement Agreement available at Website URL.

**13. Can I opt out of the Settlement?**

No. If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement. If the Court approves the Settlement, it will do so on behalf of a "mandatory" class under Federal Rule of Civil Procedure 23(b)(1), which does not permit class members to opt out of the Settlement Class. However, although you cannot opt out of the Settlement, you can notify the Court of any objection you might have to the Settlement, as described below (*see* Question 16).

**14. What happens if I do nothing at all?**

If you are a Class Member and do nothing, you still will participate in the Settlement of the Action as described in this Notice. And you will release any claims you may have against Defendants and the other Released Parties concerning the conduct Plaintiffs allege in this Action. You may receive a payment as described in Question 8.

**15. Can I sue Defendants for the same thing later?**

No. If the Court approves the Settlement, you will have released any right to sue the Defendants, or any Released Party for the claims being resolved by this Settlement and any and all other "Released Claims," as set forth in the Settlement Agreement.

**16. How do I tell the Court that I object to the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you do not agree with any part of it. To object, you must file with the Court a written statement of your objection(s), specifying the reason(s) for each objection, including any legal support or evidence that you wish to bring to the Court's attention. The Court will consider your views.

Your objection must include your name, address, and phone number. Your objection must also be signed by you or your counsel. Be sure to also include the following case caption and notation: "*Smith et al. v. Shoe Show, Inc. et al.*, Case No. 1:20-cv-00813 (M.D.N.C.)."

Please note that the Court's Preliminary Approval Order of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests on any objector.

**You must mail your objection to each of the addresses listed below and file the objection with the Court no later than DEADLINE. If you do not timely file an objection it will be deemed to have been waived, and you will be barred from raising the untimely objection.**

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| John S. Brubaker<br>Clerk of the Court<br>324 W. Market Street<br>Greensboro, NC 27401-2544<br>Re: Smith, et al. v. Shoe Show, Inc., et al., Civil Action No. 1:20-cv-00813 (Middle District of North Carolina) | Andrew L. Fitzgerald<br>FITZGERALD, HANNA SULLIVAN, PLLC<br>119 Brookstown Ave.<br>Suite 402<br>Winston-Salem, NC 27101 | Eric C. Bosset<br>COVINGTON & BURLING LLP<br>OneCityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001 |

## THE COURT'S FAIRNESS HEARING

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. The Final Fairness Hearing has been set for Date, at Time, before The Honorable William L. Osteen, Jr., at the United States District Court for the Middle District of North Carolina, 324 W. Market Street, Greensboro, NC 27401-2544.

At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for Attorneys' Fees and Litigation Expenses and the Plaintiffs' Compensation. You may attend the Final Fairness Hearing and also may ask to speak. If there are objections, the Court will consider them—but you do not need to attend the Final Fairness Hearing to have the Court consider an objection.

**<u>Note</u>**: The date and time of the Final Fairness Hearing are subject to change by Court Order and may be conducted via conference call or other remote means. You will not receive a separate notice, but any such changes will be posted on the Settlement Website, at Website URL.

**18. Do I have to come to the hearing?**

No, but you are welcome to come at your own expense. Class Counsel will answer any questions the Court may have. If you send an objection, you do not have to attend the Final Fairness Hearing to voice your objection in person. As long as you mail your written objection on time and meet the other criteria outlined above, the Court will consider it. You also may pay your own lawyer to attend the Final Fairness Hearing, but attendance is not necessary.

**19. May I speak at the hearing?**

Yes. You must send a letter or other paper called a "Notice of Intention to Appear at the Final Fairness Hearing in *Smith, et al. v. Shoe Show, Inc., et al.*, Civil Action No. 1:20-cv-00813 (M.D.N.C.)." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than DEADLINE and be sent to the Clerk of the Court, Class Counsel, and Defendants' Counsel at the addresses listed above.

## GETTING MORE INFORMATION

| 20.  Where can I get more information? |
| --- |

This notice provides only a summary of matters relating to the Settlement.  For more detailed information, you may wish to review the complete Settlement Agreement.  That Agreement and various other related information can be found at the Settlement Website, <mark>Website URL</mark>.

You may also obtain more information by writing to the Settlement Administrator at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, emailing <mark>email address</mark>, or by calling toll-free at <mark>(XXX) XXX-XXXX</mark>. The Settlement Agreement and other pleadings and papers filed with the Court are also available during regular business hours at the office of the Clerk of the Court.

**PLEASE DO <u>NOT</u> CONTACT THE COURT OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT.**

**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| SARAH SMITH, MICHAEL CRISCO, and JEFFREY MORROW, Individually and as representatives of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SHOE SHOW, INC.; BOARD OF TRUSTEES OF SHOE SHOW RETIREMENT SAVINGS PLAN; JOHN VAN DER POEL; ROBERT TUCKER; and LISA TUCKER.<br><br>Defendants. | Civil Action No. 1:20-CV-813 |

## PLAN OF ALLOCATION

### I.  DEFINITIONS

A.  Except as indicated in this Plan of Allocation, the capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement.

### II.  CALCULATION OF ALLOCATION AMOUNTS

A.  Pursuant to Article 10.2.1 of the Settlement Agreement, the Plan's Recordkeeper shall provide the Settlement Administrator with the data reasonably necessary to determine the amount of the Net Settlement Amount to be distributed to each member of the Settlement Class ("Settlement Class Member" or "Class Member") in accordance with this Plan of Allocation.

B.  The data reasonably necessary to perform calculations under this Plan of Allocation are as follows:  the balances for each Class Member in their Plan account as of December 31, 2014 and as of December 31 of each subsequent year of the Class Period up to and including the most recent full calendar year, and also for the partial year period through the date of the Final Order.

C.  The Net Settlement Amount will be allocated as follows:

1. Calculate the sum of each Class Member's account balance for each year or partial year of the Class Period based on the data described above. This amount shall be that Class Member's "Balance."

2. Sum the Balance for all Class Members.

3. Allocate each Class Member a share of the Net Settlement Amount in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members, *i.e.* where the numerator is the Class Member's Balance and the denominator is the sum of all Class Members' Balances.

D. The amounts resulting from this initial calculation shall be known as the Preliminary Entitlement Amount. Except as provided in Paragraph II.F, below, Class Members whose Preliminary Entitlement Amount is less than $10.00 will be entitled to $10.00 (the "De Minimis Amount") from the Net Settlement Amount. The Settlement Administrator shall progressively increase Class Members' awards falling below the De Minimis Amount, and progressively decrease the Preliminary Entitlement Amounts of Class Members over $10.00, until the lowest participating Class Member award is the De Minimis Amount, i.e. $10.00. The resulting calculation shall be the "Final Entitlement Amount" for each Class Member. The sum of the Final Entitlement Amounts for all Class Members must equal, but may not exceed, the dollar amount of the Net Settlement Amount.

E. **Settlement Class Members With Accounts In the Plan.** For Class Members with an Active Account (an account with a positive balance) as of the Final Order (the "Account Members"), the Final Entitlement Amount will be allocated into their Plan account (unless that Plan account has been closed in the intervening period, in which case the Class Member will receive their allocation in accordance with Paragraph II.F, below). As soon as reasonably possible after deposit of the Net Settlement Amount into the Plan (per Article 7.2.5 of the Settlement Agreement), the Settlement Administrator shall cause an amount equal to the portion of the Net Settlement Fund allocated under the Plan of Allocation to the Account Members, along with data

2

and other supporting information identifying the Settlement share amount owed to each Account Member, to be transferred to the Plan's Recordkeeper in accordance with the Recordkeeper's requirements for receiving same. The Plan's Recordkeeper will then allocate the "Final Entitlement Amount" to each Account Member pursuant to the data and other supporting information provided by the Settlement Administrator, and in accordance with the Plan of Allocation. The deposited amount shall be invested by the Recordkeeper pursuant to the Account Member's investment elections on file for new contributions. If the Account Member has no election on file, it shall be invested in any default investment option(s) designated by the Plan, and if the Plan has not designated any default investment option(s), in a target date fund commensurate with (or most closely associated with) the Account Member's retirement age or similar fund under the Plan.

F. **Settlement Class Members Without Accounts Under the Plan.** Former Participants, which for purposes of this Plan of Allocation includes any Class Member who closes their Plan account prior to distribution of Settlement proceeds, shall be paid directly by a check written from the Net Settlement Fund by the Settlement Administrator. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. No Former Participant whose entitlement to payment pursuant to the Plan of Allocation would otherwise be less than the De Minimis Amount shall receive any payment from the Net Settlement Fund.

G. The Settlement Administrator shall utilize the calculations required to be performed herein for making the required distributions of the Final Entitlement Amount, less any required tax withholdings or penalties, to each Class Member. In the event that the Settlement

3

Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make, and shall make, any such changes as are necessary to the Plan of Allocation to ensure that the total amount of distributions to Class Members under this Plan of Allocation does not exceed the Net Settlement Amount. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

H. If the Settlement Administrator concludes that it is impracticable to implement any provision of the Plan of Allocation, it shall be authorized to make, and shall make, such changes to the methodology as are necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the total amount of distributions to Class Members does not exceed the Net Settlement Amount.

I. No sooner than fourteen (14) calendar days following the expiration of all undeposited checks issued pursuant to this Plan of Allocation, any amount remaining in the Qualified Settlement Fund shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's participants. Unless otherwise expressly provided for in the Settlement Agreement, no part of the Settlement Fund may be used to reimburse any Defendant or otherwise offset costs, including settlement-related costs, incurred by any Defendant.

J. None of the Released Parties, Plaintiffs, Defense Counsel, or Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to Class Members, including Former Participants.

III. **CONTINUING JURISDICTION**

A. The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

4

## IV.    GENERAL PROVISIONS

A.    The Settlement Administrator shall be exclusively responsible for determining and calculating the amounts payable to Settlement Class Members pursuant to the Plan of Allocation based on the information to be provided by the Plan's Recordkeeper.  The Released Parties, Plaintiffs, Defense Counsel, and Class Counsel shall have no responsibility or liability for the Plan of Allocation determinations, calculations and/or the expenses incurred in connection with the determinations and calculations.

B.    The Released Parties, Plaintiffs, Defense Counsel, and Class Counsel shall have no responsibility or liability for the tax-qualified status of any distribution issued by the Settlement Administrator of the Net Settlement Fund to the Class Members.

Exhibit C

**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| SARAH SMITH, MICHAEL CRISCO, and JEFFREY MORROW, Individually and as representatives of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SHOE SHOW, INC.; BOARD OF TRUSTEES OF SHOE SHOW RETIREMENT SAVINGS PLAN; JOHN VAN DER POEL; ROBERT TUCKER; and LISA TUCKER.<br><br>Defendants. | Civil Action No. 1:20-CV-813 |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR
SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF
SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF
ALLOCATION AND SCHEDULING A DATE FOR A FAIRNESS HEARING**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), with respect to the Shoe Show, Inc. Retirement Savings Plan ("Plan").[1]  The terms of the Settlement are set out in the Settlement Agreement, fully executed as of September 29, 2022, by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to the Named Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

Date for a Fairness Hearing filed on September 29, 2022, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement and the matter having come before the Court at the _____ hearing, due notice having been given, and the Court having been fully advised in the premises, it is hereby

**ORDERED, ADJUDGED, AND DECREED as follows:**

1.      **Preliminary Certification of the Settlement Class.**  In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are Defendants and their Beneficiaries.

2.      Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a)     as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b)     as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c)     as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify;

2

(d)     as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class;

(e)     as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

(f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3

3.      The Court preliminarily appoints the Named Plaintiffs Sarah Smith, Michael Crisco, and Jeffrey Morrow as Class Representatives for the Settlement Class and Fitzgerald Hanna and Sullivan PLLC as Class Counsel for the Settlement Class.

4.      **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate.  This Court preliminarily finds that:

a)      The Settlement was negotiated vigorously and at arm's-length, under the auspices of a Mediator, by Defendant Shoe Show (on behalf of all Defendants) and Defense Counsel, on the one hand, and the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

b)      Named Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable and adequate;

c)      If the Settlement had not been achieved, Named Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d)      The amount of the Settlement – three hundred and thirty thousand dollars ($330,000.00) – is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal.  The method of distributing the Class Settlement Amount is efficient, relying on Defendants' records and requiring no filing of claims.  The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P.

4

23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

e)      At all times, the Named Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f)      The proposed Plan of Allocation is fair, reasonable, and adequate.

5.      **Establishment of Qualified Settlement Fund** – A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468B-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement. Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, unless otherwise specifically identified in the Settlement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid into the Settlement Fund as provided in the Settlement Agreement; and (2) their agreement to cooperate in providing information that is reasonably necessary for settlement administration set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or

5

additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement

6

Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6. **Fairness Hearing** – A hearing is scheduled for_____ [at least 120 days after preliminary approval] to make a final determination concerning, among other things:

- Any objections from Class Members to the Settlement or any aspects of it;

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application(s) for Attorneys' Fees and Costs and Case Contribution Awards to the Named Plaintiffs are fair and reasonable, and should be approved.

7. **Settlement Notice** – The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement. The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies the Settlement Class that Class Counsel will seek attorneys'

7

fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a Case Contribution Award for the Named Plaintiffs for their service in such capacity; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Settlement Notice may object to any of the relief requested.

8. **Settlement Administrator** – The Court hereby approves the parties' plan to select and retain Angeion Group as the Settlement Administrator. The Court directs that the Settlement Administrator shall, by no later than _____ (sixty days after entry of this Order), distribute the Settlement Notice to the Settlement Class by first-class mail. The Notice shall be sent to the last known mailing address of each of the Settlement Class members.

9. **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than _____ (thirty days before the date for filing Objections specified in this Order).

10. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than _____ (thirty days before the date for filing objections specified in this Order).

11. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for a Case Contribution Award for the Named Plaintiffs. An objector must file with the Court a statement of his, her, or its objection(s),

8

specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for filing objections with the Court is as follows:

John S. Brubaker - Clerk of the Court
324 W. Market Street
Greensboro, NC 27401-2544

Re: *Smith, et al. v. Shoe Show, Inc., et al.*, Civil Action No. 1:20-cv-00813 (Middle District of North Carolina)

The objector or his, her, or its counsel (if any) must file the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than _____ (fourteen days before the date of the Fairness Hearing specified in this Order). If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than _____ (fourteen days before the date of the Fairness Hearing specified in this Order). Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than _____ (seven days before the date of the Fairness Hearing specified in this Order). There shall be no reply briefs.

12. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than _____ (seven days before the date of the Fairness Hearing specified in this Order).

13. **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also appear at the Fairness Hearing

9

either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than _____ (fourteen days before the date of Fairness Hearing specified in this Order). Any objectors, or their counsel, who does not file a timely objection or notice of intention to appear shall not be permitted to speak at the Fairness Hearing, shall be deemed to have waived any objections to the Settlement Agreement, and shall be barred from making such objections in this action, except for good cause shown.

14. **Notice Expenses** – The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Qualified Settlement Fund.

15. **Bar of Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Named Plaintiffs, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

16. **Stay of Action** – Further proceedings in this action are hereby **STAYED** pending final approval of the Settlement Agreement and dismissal of the action or, if earlier, termination of the Settlement Agreement.

17. **Class Action Fairness Act Notice** – The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

10

18.     **Continuance of Final Approval Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be done by telephone or video conference.

19.     **Effect of Termination or Denial of Approval** – In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval is reversed by an appellate court, this action will proceed in all respects as though the Settlement Agreement had not been entered and this had not been ordered.

20.     **No Admission of Liability** – The Settlement Agreement, and these proceedings related to the approval of the Settlement Agreement, and this Order are not evidence of any liability, responsibility, fault, or wrongdoing on the part of any party to this action, including without limitation any Released Party.

SO ORDERED this _____ day of _____, 2022.

_____
Hon. William L. Osteen, Jr.
United States District Judge

11

## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SARAH SMITH, MICHAEL CRISCO, and JEFFREY MORROW, Individually and as representatives of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SHOE SHOW, INC.; BOARD OF TRUSTEES OF SHOE SHOW RETIREMENT SAVINGS PLAN; JOHN VAN DER POEL; ROBERT TUCKER; and LISA TUCKER.<br><br>Defendants. | Civil Action No. 1:20-CV-813 |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This Action came before the Court for hearing on _____ to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness Hearing.  Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Plaintiffs, all Class Members, and Defendants, respectively.

1.      The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

2.    For the sole purpose of settling and resolving the Action, the Court certifies this

Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure.

The Settlement Class is defined as:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are Defendants and their Beneficiaries.

3.    The Court finds for the sole purpose of settling and resolving the Action that:

(a)    as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b)    as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c)    as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class that the Plaintiffs seek to certify.

(d)    as required by FED. R. CIV. P. 23(a)(4), the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class.

(e)    as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this

Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.      The Court hereby appoints Plaintiffs Sarah Smith, Michael Crisco, and Jeffrey Morrow as Class Representatives for the Settlement Class and Fitzgerald Hanna and Sullivan PLLC as Class Counsel for the Settlement Class.

5.      The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Awards to the Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

3

6. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a) The Settlement was negotiated vigorously and at arm's-length, under the auspices of the Mediator, by Defendant Shoe Show (on behalf of all Defendants) and Defense Counsel, on the one hand, and the Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b) Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d) The amount of the Settlement – three hundred and thirty thousand dollars ($330,000.00) – is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Class Settlement Amount is efficient and requires no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

(e) At all times, the Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f)     The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8.      The Plan of Allocation is finally approved as fair, reasonable, and adequate.  The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement.  The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9.      All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., have been met.

10.     The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 9 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Settlement Effective Date.  Accordingly, the Court orders that, as of the Settlement Effective Date, the Plaintiffs, individually and in their capacities as Settlement Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), in each case on their own behalf and on behalf of the Plan, hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement

or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

11.    Each of the Plaintiffs, individually and in their capacities as Settlement Class Representatives, and the Class Members, in each case on their own behalf and on behalf of the Plan, hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." With respect to the Released Claims, the Plaintiffs, individually and in their capacities as Settlement Class Representatives, and the Class Members, in each case on their own behalf and on behalf of the Plan, also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

12.    The Plaintiffs, individually and in their capacities as Settlement Class Representatives, and the Class Members, acting individually or together, or in combination with others, in each case on their own behalf and on behalf of the Plan, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

13.    Each Class Member, on their own behalf and on behalf of the Plan, hereby releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys'

fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14. The operative complaint and all claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

15. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Plan of Allocation, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and costs, and Case Contribution Awards to the Plaintiffs, submitted pursuant to the Settlement Agreement.

16. Any motion to enforce this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order or Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

17. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order and Judgment shall be rendered null and void, ab initio, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

7

18.     With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

19.     Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

20.     Upon entry of this Order, all Settling Parties shall be bound by the Settlement Agreement and this Final Order and Judgment.


SO ORDERED this _____ day of _____, 2022.



_____
Hon. William L. Osteen, Jr.
United States District Judge

[DATE]

**VIA FEDERAL EXPRESS**

[Name]
[Department]
[Address]

Re:     *Smith et al. v. Shoe Show, Inc. et al.*,
        Case No. 1:20-cv-00813
        <u>Notice Pursuant to 28 U.S.C. § 1715</u>

Dear [Sir/Madam]:

Defendants Shoe Show, Inc., Board of Trustees of Shoe Show Retirement Savings Plan, John van der Poel, Robert Tucker, and Lisa Tucker (collectively, "Defendants") hereby provide this Notice of a Proposed Class Action Settlement in the above-referenced matter pursuant to the Class Action Fairness Act of 2005 ("CAFA").

In accordance with its obligations under CAFA, Defendants enclose the following:

**(1)     The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

Plaintiffs' Complaint, as filed in *Smith et al. v. Shoe Show, Inc. et al.*, Case No. 1:20-cv-00813, can be found on the enclosed USB drive as "Exhibit 1 – Complaint."

**(2)     Notice of any scheduled judicial hearing in the class action.**

The Court has not yet scheduled a hearing to consider preliminary approval of the settlement or a final fairness hearing regarding the settlement.  If and when the Court schedules any such hearings, the dates of those hearings and other relevant information can be found via PACER as follows: (1) enter PACER through https://ecf.ncmd.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 1:20-cv-00813, (4) click on "Run Query," and (5) click on the link "Docket Report." Information regarding any such hearings will be found on the docket.

**(3)     Any proposed or final notification to class members.**

The proposed Notice of Class Action Settlement as submitted to the Court can be found on the enclosed USB drive as "Exhibit 2 – Notice of Class Action Settlement."

**(4)     Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties (including Exhibits A-E) and as submitted to the Court can be found on the enclosed USB drive as "Exhibit 3 – Settlement Agreement."

There are no other agreements contemporaneously made between Class Counsel and counsel for the Defendants.

**(5)     A final judgment or notice of dismissal.**

Final judgment has not yet been entered.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed online through the process described in section (2) above.

**(6)     Number of class members who reside in each state.**

On the enclosed USB drive is a table providing a reasonable estimate of the number of Class Members residing in each state.  The specific settlement allocation to each Class Member will be determined by the Settlement Administrator pursuant to the Plan of Allocation to be approved by the Court.  The proposed Plan of Allocation appears as Exhibit B to the Settlement Agreement. We do not yet know which Class Members will receive settlement proceeds or how much each Class Member will receive, and it is not feasible to determine the estimated proportionate share of the entire settlement of the claims of the Class Members who reside in each state.  Upon final approval of the settlement by the court, settlement proceeds will be distributed among the Class Members according to the Plan of Allocation as set forth in the Settlement Agreement.

**(7)     Any written judicial opinion relating to the materials described in (3) through (5).**

The Court has not yet entered an order granting preliminary approval to the settlement and has not issued any other decisions relating to the materials described in this correspondence.

Upon entry, a copy of any such order or decision can be accessed via PACER using the process described in section (2) above.

Final judgment has not yet been entered.  Upon entry, a copy of said judgment can be can be accessed via PACER using the process described in section (2) above.

If you have questions about this notice, the lawsuit, or the enclosed materials, please do not hesitate to contact me.

Sincerely,


Eric C. Bosset, Esq.


Enclosures
- USB drive

SARAH SMITH, MICHAEL CRISCO, and
JEFFREY MORROW, Individually and as
representatives of a class of similarly situated
persons,

Plaintiffs,

v.

SHOE SHOW, INC.; BOARD OF TRUSTEES
OF SHOE SHOW RETIREMENT SAVINGS
PLAN; JOHN VAN DER POEL; ROBERT
TUCKER; and LISA TUCKER.

Defendants.

Civil Action No. 1:20-CV-813

## PLAN OF ALLOCATION

### I.     DEFINITIONS

A.     Except as indicated in this Plan of Allocation, the capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement.

### II.     CALCULATION OF ALLOCATION AMOUNTS

A.     Pursuant to Article 10.2.1 of the Settlement Agreement, the Plan's Recordkeeper shall provide the Settlement Administrator with the data reasonably necessary to determine the amount of the Net Settlement Amount to be distributed to each member of the Settlement Class ("Settlement Class Member" or "Class Member") in accordance with this Plan of Allocation.

B.     The data reasonably necessary to perform calculations under this Plan of Allocation are as follows:  the balances for each Class Member in their Plan account as of December 31, 2014 and as of December 31 of each subsequent year of the Class Period up to and including the most recent full calendar year, and also for the partial year period through the date of the Final Order.

C.     The Net Settlement Amount will be allocated as follows:

Exhibit 2

1.      Calculate the sum of each Class Member's account balance for each year or partial year of the Class Period based on the data described above. This amount shall be that Class Member's "Balance."

2.      Sum the Balance for all Class Members.

3.      Allocate each Class Member a share of the Net Settlement Amount in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members, *i.e.* where the numerator is the Class Member's Balance and the denominator is the sum of all Class Members' Balances.

D.      The amounts resulting from this initial calculation shall be known as the Preliminary Entitlement Amount. Except as provided in Paragraph II.F, below, Class Members whose Preliminary Entitlement Amount is less than $10.00 will be entitled to $10.00 (the "De Minimis Amount") from the Net Settlement Amount. The Settlement Administrator shall progressively increase Class Members' awards falling below the De Minimis Amount, and progressively decrease the Preliminary Entitlement Amounts of Class Members over $10.00, until the lowest participating Class Member award is the De Minimis Amount, i.e. $10.00. The resulting calculation shall be the "Final Entitlement Amount" for each Class Member. The sum of the Final Entitlement Amounts for all Class Members must equal, but may not exceed, the dollar amount of the Net Settlement Amount.

E.      **Settlement Class Members With Accounts In the Plan.** For Class Members with an Active Account (an account with a positive balance) as of the Final Order (the "Account Members"), the Final Entitlement Amount will be allocated into their Plan account (unless that Plan account has been closed in the intervening period, in which case the Class Member will receive their allocation in accordance with Paragraph II.F, below). As soon as reasonably possible after deposit of the Net Settlement Amount into the Plan (per Article 7.2.5 of the Settlement Agreement), the Settlement Administrator shall cause an amount equal to the portion of the Net Settlement Fund allocated under the Plan of Allocation to the Account Members, along with data

2

and other supporting information identifying the Settlement share amount owed to each Account Member, to be transferred to the Plan's Recordkeeper in accordance with the Recordkeeper's requirements for receiving same. The Plan's Recordkeeper will then allocate the "Final Entitlement Amount" to each Account Member pursuant to the data and other supporting information provided by the Settlement Administrator, and in accordance with the Plan of Allocation. The deposited amount shall be invested by the Recordkeeper pursuant to the Account Member's investment elections on file for new contributions. If the Account Member has no election on file, it shall be invested in any default investment option(s) designated by the Plan, and if the Plan has not designated any default investment option(s), in a target date fund commensurate with (or most closely associated with) the Account Member's retirement age or similar fund under the Plan.

       F.    **Settlement Class Members Without Accounts Under the Plan.** Former Participants, which for purposes of this Plan of Allocation includes any Class Member who closes their Plan account prior to distribution of Settlement proceeds, shall be paid directly by a check written from the Net Settlement Fund by the Settlement Administrator. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. No Former Participant whose entitlement to payment pursuant to the Plan of Allocation would otherwise be less than the De Minimis Amount shall receive any payment from the Net Settlement Fund.

       G.    The Settlement Administrator shall utilize the calculations required to be performed herein for making the required distributions of the Final Entitlement Amount, less any required tax withholdings or penalties, to each Class Member. In the event that the Settlement

Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make, and shall make, any such changes as are necessary to the Plan of Allocation to ensure that the total amount of distributions to Class Members under this Plan of Allocation does not exceed the Net Settlement Amount. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

H. If the Settlement Administrator concludes that it is impracticable to implement any provision of the Plan of Allocation, it shall be authorized to make, and shall make, such changes to the methodology as are necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the total amount of distributions to Class Members does not exceed the Net Settlement Amount.

I. No sooner than fourteen (14) calendar days following the expiration of all undeposited checks issued pursuant to this Plan of Allocation, any amount remaining in the Qualified Settlement Fund shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's participants. Unless otherwise expressly provided for in the Settlement Agreement, no part of the Settlement Fund may be used to reimburse any Defendant or otherwise offset costs, including settlement-related costs, incurred by any Defendant.

J. None of the Released Parties, Plaintiffs, Defense Counsel, or Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to Class Members, including Former Participants.

III. **CONTINUING JURISDICTION**

A. The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

4

## IV.    GENERAL PROVISIONS

A.    The Settlement Administrator shall be exclusively responsible for determining and calculating the amounts payable to Settlement Class Members pursuant to the Plan of Allocation based on the information to be provided by the Plan's Recordkeeper.  The Released Parties, Plaintiffs, Defense Counsel, and Class Counsel shall have no responsibility or liability for the Plan of Allocation determinations, calculations and/or the expenses incurred in connection with the determinations and calculations.

B.    The Released Parties, Plaintiffs, Defense Counsel, and Class Counsel shall have no responsibility or liability for the tax-qualified status of any distribution issued by the Settlement Administrator of the Net Settlement Fund to the Class Members.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Case Action No. 1:20-cv-813**

SARAH SMITH, MICHAEL CRISCO, and
JEFFREY MORROW, Individually and as
representatives of a class of similarly situated
persons,

                Plaintiffs,

v.

SHOE SHOW, INC.; BOARD OF TRUSTEES
OF SHOE SHOW RETIREMENT SAVINGS
PLAN; JOHN VAN DER POEL, ROBERT
TUCKER, LISA TUCKER, and SPENCER
NORTHCUTT,

                Defendants.

**AFFIDAVIT OF ANDREW L. FITZGERALD**

1. I am over eighteen (18) and competent to testify.

2. I am a founding partner of the firm Fitzgerald, Hanna & Sullivan, PLLC. I am counsel for Plaintiffs along with my law partner, Doug Hanna. I am familiar with the facts set forth below and I can testify to them if asked.

3. There has been no collusion or complicity of any kind in connection with the negotiations for the settlement of this class action lawsuit. As is illustrated by this accompanying memorandum, all settlement negotiations were conducted at arm's-length by adverse parties represented by counsel. Negotiations were extensive and at times adversarial. The parties engaged an experienced mediator. There were extensive communications before the mediation. The mediation lasted for a day and was at times a bit continuous. After mediation, the mediator continued to work both sides to try to reach a resolution. Ultimately, a settlement in principal was reached with the mediator's help.

Exhibit 4

4. It is my opinion that the proposed settlement is within the range of reasonableness as is contemplated by the Rules. I believe it is fair, reasonable, and adequate and in the best interest of the Plan and its participants in light of all circumstances.

5. This is a fairly small plan in terms of the amount of assets under management, perhaps the smallest plan in an ERISA class action. In fact, that was one of the defenses that the Defendants relied upon. For that reason, this case admittedly would have been difficult to scale, although we were prepared to do so if needed and had hired experts. It was in everyone's interest that the case settle so that the Plan members could obtain benefits. Based on the Form 5500s, the number of participants in the plan per year was about 4,000-5,000 during the class period. The average account balance is fairly low compared to most plans, which Shoe Show attributes to having a fair amount of turnover in its workforce.

6. We have attached to the Motion both the Settlement Agreement and a proposed Notice.

7. The named Plaintiffs in this case have a contingency fee engagement letter/agreement with the firm of Fitzgerald Law, P.C. d/b/a Fitzgerald Litigation, which is now Fitzgerald, Hanna & Sullivan, PLLC. Our firm believes that because the case settled after extensive motion practice, but did not involve extensive discovery, that thirty percent (30%) is a more appropriate fee, even though the Class Members had agreed to a larger fee for the firm.

8. In addition to the thirty percent (30%) fee, counsel is asking for reimbursement for $24,990 to Angeion as the administrator and for $20,000 to the experts that Plaintiffs relied upon. It is my understanding that the experts have fairly significantly cut their rate from their usual billing rates given the scope of the Plan and to help the Class Members obtain a settlement. The experts were very important. They helped with the Complaint. If the case tried, it would be my anticipation that the experts would be by far the most important, and maybe even the only, witnesses that we would have called. We probably would have called one or more of the named class members just to move

2

in documents and establish certain preliminary facts if they were not stipulated to, but it would have obviously been an expert driven trial.

9. I do believe that the $20,000 to the experts and the $24,990 to Angeion is reasonable. I have solicited bids for the Settlement Administrators to obtain competitive rates. Perhaps because this Plan is smaller, Angeion's bill for this work is less than it has been in previous classes.

10. Plaintiffs asks for $2,500 per Class Representative for incentive payments. The representatives were responsive and helpful throughout the process. They have answered their phones and emails when we have asked them to. They have provided documents. They have stayed in touch. They were available the day of the mediation. They have no known conflicts with the rest of the Class that I can identify.

11. The remainder of any costs advance such as filing fees, mileage, consultants, or costs associated with the Settlement or Settlement Hearing will be paid by class counsel out of our fee if approved by the Court. Additionally, if for some reason Angeion has a cost overrun class counsel will pay that overrun out of our fee. We do not expect the class to bear any unanticipated costs.

12. I am an experienced litigator with almost exactly 20-years of experience. I worked in the litigation department at Womble Carlyle, including the business litigation department, for about 6 years. I left Womble Carlyle in 2009, establishing a new firm with ex Womble Carlyle attorneys. I left that firm in 2013, working at another small firm briefly, and then establishing Fitzgerald Litigation in 2015. I have now managed my own firm emphasizing business litigation and fiduciary litigation for about 7 years. I have litigated more cases than I can count in the Federal Courts around the United States, including North Carolina, Virginia, Florida, Georgia, and Tennessee. I have litigated in State Courts around the country, including Florida, New York, Texas, California, Virginia, North Carolina, and Missouri. I also have had many cases in North Carolina Business Court and continue to litigate in the North Carolina Business Court today. My law partner, Doug Hanna, has about 30-years of experience. He also worked, with me, at Womble Carlyle, leaving there around the same

3

time as me. He has been running a firm with ex Womble Carlyle attorneys in Raleigh since 2009.

At the beginning of 2022 Doug Hanna and I merged our firms, and we now run the firm of

Fitzgerald, Hanna & Sullivan, PLLC with offices in Raleigh and Winston-Salem. We worked on

this case together, bringing a combined approximately 50-years of experience. Although I am past

the point of counting the number of cases I have tried, I believe that Doug and I have combined

tried over 150 cases in our careers.

This the 28th day of September, 2022

Andrew L. Fitzgerald

NORTH CAROLINA

FORSYTH COUNTY

I, Caroline F. Fincannon a Notary Public for Stokes County, do hereby certify that Andrew L.

Fitzgerald personally appeared before me this day and acknowledged the due execution of the foregoing

instrument.

Witness my hand and official seal, this the 28th day of September, 2022

Notary Public



4

# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SARAH SMITH, MICHAEL CRISCO, and
JEFFREY MORROW, Individually and as
representatives of a class of similarly situated
persons,

Plaintiffs,

v.

SHOE SHOW, INC.; BOARD OF TRUSTEES
OF SHOE SHOW RETIREMENT SAVINGS
PLAN; JOHN VAN DER POEL; ROBERT
TUCKER; and LISA TUCKER.

Defendants.

Civil Action No. 1:20-CV-813

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION AND SCHEDULING A DATE FOR A FAIRNESS HEARING**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), with respect to the Shoe Show, Inc. Retirement Savings Plan ("Plan").[1]  The terms of the Settlement are set out in the Settlement Agreement, fully executed as of September 29, 2022, by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to the Named Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

Exhibit 5

Date for a Fairness Hearing filed on September 29, 2022, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class.  Upon reviewing the Settlement Agreement and the matter having come before the Court at the _____ hearing, due notice having been given, and the Court having been fully advised in the premises, it is hereby

**ORDERED, ADJUDGED, AND DECREED as follows:**

1.      **Preliminary Certification of the Settlement Class.**  In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are Defendants and their Beneficiaries.

2.      Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a)      as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b)      as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c)      as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify;

2

(d)     as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class;

(e)     as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

(f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3

3.     The Court preliminarily appoints the Named Plaintiffs Sarah Smith, Michael Crisco, and Jeffrey Morrow as Class Representatives for the Settlement Class and Fitzgerald Hanna and Sullivan PLLC as Class Counsel for the Settlement Class.

4.     **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate.  This Court preliminarily finds that:

a)     The Settlement was negotiated vigorously and at arm's-length, under the auspices of a Mediator, by Defendant Shoe Show (on behalf of all Defendants) and Defense Counsel, on the one hand, and the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

b)     Named Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable and adequate;

c)     If the Settlement had not been achieved, Named Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d)     The amount of the Settlement – three hundred and thirty thousand dollars ($330,000.00) – is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal.  The method of distributing the Class Settlement Amount is efficient, relying on Defendants' records and requiring no filing of claims.  The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P.

4

23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

e)      At all times, the Named Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f)      The proposed Plan of Allocation is fair, reasonable, and adequate.

5.      **Establishment of Qualified Settlement Fund** – A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468B-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement. Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, unless otherwise specifically identified in the Settlement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid into the Settlement Fund as provided in the Settlement Agreement; and (2) their agreement to cooperate in providing information that is reasonably necessary for settlement administration set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or

5

additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement

6

Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6.    **Fairness Hearing** – A hearing is scheduled for_____ [at least 120 days after preliminary approval] to make a final determination concerning, among other things:

- Any objections from Class Members to the Settlement or any aspects of it;

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application(s) for Attorneys' Fees and Costs and Case Contribution Awards to the Named Plaintiffs are fair and reasonable, and should be approved.

7.    **Settlement Notice** – The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement.  The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies the Settlement Class that Class Counsel will seek attorneys'

7

fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a Case Contribution Award for the Named Plaintiffs for their service in such capacity; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Settlement Notice may object to any of the relief requested.

8. **Settlement Administrator** – The Court hereby approves the parties' plan to select and retain Angeion Group as the Settlement Administrator. The Court directs that the Settlement Administrator shall, by no later than _____ (sixty days after entry of this Order), distribute the Settlement Notice to the Settlement Class by first-class mail. The Notice shall be sent to the last known mailing address of each of the Settlement Class members.

9. **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than _____ (thirty days before the date for filing Objections specified in this Order).

10. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than _____ (thirty days before the date for filing objections specified in this Order).

11. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for a Case Contribution Award for the Named Plaintiffs. An objector must file with the Court a statement of his, her, or its objection(s),

8

specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for filing objections with the Court is as follows:

> John S. Brubaker - Clerk of the Court
> 324 W. Market Street
> Greensboro, NC 27401-2544

> Re: *Smith, et al. v. Shoe Show, Inc., et al.*, Civil Action No. 1:20-cv-00813 (Middle District of North Carolina)

The objector or his, her, or its counsel (if any) must file the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than _____ (fourteen days before the date of the Fairness Hearing specified in this Order). If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than _____ (fourteen days before the date of the Fairness Hearing specified in this Order). Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than _____ (seven days before the date of the Fairness Hearing specified in this Order). There shall be no reply briefs.

12. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than _____ (seven days before the date of the Fairness Hearing specified in this Order).

13. **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also appear at the Fairness Hearing

9

either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than _____ (fourteen days before the date of Fairness Hearing specified in this Order). Any objectors, or their counsel, who does not file a timely objection or notice of intention to appear shall not be permitted to speak at the Fairness Hearing, shall be deemed to have waived any objections to the Settlement Agreement, and shall be barred from making such objections in this action, except for good cause shown.

14. **Notice Expenses** – The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Qualified Settlement Fund.

15. **Bar of Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Named Plaintiffs, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

16. **Stay of Action** – Further proceedings in this action are hereby **STAYED** pending final approval of the Settlement Agreement and dismissal of the action or, if earlier, termination of the Settlement Agreement.

17. **Class Action Fairness Act Notice** – The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

10

18.     **Continuance of Final Approval Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be done by telephone or video conference.

19.     **Effect of Termination or Denial of Approval** – In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval is reversed by an appellate court, this action will proceed in all respects as though the Settlement Agreement had not been entered and this had not been ordered.

20.     **No Admission of Liability** – The Settlement Agreement, and these proceedings related to the approval of the Settlement Agreement, and this Order are not evidence of any liability, responsibility, fault, or wrongdoing on the part of any party to this action, including without limitation any Released Party.


SO ORDERED this _____ day of _____, 2022.


_____
Hon. William L. Osteen, Jr.
United States District Judge

11